IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| John Doe, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | 1:15-CV-4079-SCJ |
| | ) | |
| The Board of Regents for the | ) | |
| University System of Georgia, | ) | |
| G.P. "Bud" Peterson, | ) | |
| John Stein, and Peter | ) | |
| Paquette, in their individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF Peter Paquette

Personally appeared before me, the undersigned officer authorized to administer oaths in and for the State of Georgia, Peter Paquette who, having been duly sworn, deposes and states on his oath the following:

1.

My name is Peter Paquette. I am *sui juris* and over 18 years of age. This Affidavit is made upon my personal knowledge and I am competent to testify to the matters set forth herein.

2.

I give this Affidavit as evidence in the above-styled action and for any lawful purpose.

3.

I am the Assistant Dean of Students and the Director of Office of Student Integrity for the Georgia Institute of Technology and have served in this role since August of 2012. As part of my job duties I am charged with the oversight of caseloads related to claims of sexual misconduct by students.

4.

I first became aware of the incident that is the subject of the complaint when I was contacted by Melanie DeMaeyer, the victim advocate. DeMaeyer advised me that she had spoken to a student who wished to report an incident of sexual misconduct. I arranged a meeting with her and the complaining student V1 on ▮▮▮▮▮▮▮

5.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2



6.

Case 1:15-cv-04079-SCJ   Document 26-1   Filed 04/26/17   Page 4 of 14



7.

When interviewing a witness, it is my practice to write down information as it is reported. The statements of witnesses do not contain my opinions or interpretations of what is being reported. In accordance with policy I wrote up V1's statement and sent it to her to verify. V1 verified the statement on ▮▮▮▮ ▮▮.

8.

As V1's claim involved an allegation of sexual misconduct, the sexual misconduct policy applied to the investigation. This policy varies from the student conduct policy in several respects. Some of the more material respects are that 1) When there is an allegation of sexual misconduct no time limit for a report is in place; 2) A student who appeals an adverse finding appeals to the appellate committee rather

than to a single administrator; 3) While an accused student is provided an opportunity to respond to allegations there is no direct confrontation of an accuser. A true and correct copy of the relevant policy is attached to this affidavit as Exhibit A.

9.

After meeting with V1, I sent both V1 and the Plaintiff an emailed letter advising them not to have any contact with the other person. I also advised the Plaintiff that I would attempt to contact him to gather his account of events and invited him to provide me with his availability for that discussion. The emails addressed to the Plaintiff and V1 are attached to this Affidavit as Exhibit B.

10.

I did not hear from the Plaintiff so I again emailed him on ▮▮▮▮ asking if we could speak on either the ▮▮ or the ▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This email is attached as Exhibit C.

11.

As I had not heard from the Plaintiff, I attempted to find other means in which to contact him other than his campus email.

5

12.

The Plaintiff responded to me for the first time on ▮▮▮▮ and asked to speak to me on ▮▮▮▮. I agreed to speak to him on the ▮▮. In speaking with him on the ▮▮, I generally advised him of the allegations against him, the investigation process and advised him that he was not required to answer my questions. The Plaintiff agreed to provide me a written statement on the following ▮▮▮▮.

13.

When the Plaintiff failed to provide me with his written statement, I emailed him on ▮▮▮▮ and asked when I would receive his statement. That email is attached as Exhibit D.

14.

███████████████████████
███████████████████████
███████████████████████
███████████████████████
███████████████████████

6

15.

After receiving the Plaintiff's statement, I send a clarifying email to confirm that ███████████████████████████████████████████████████ ████████████████████████ The exchange is attached as Exhibit E. I also had a follow-up conversation with him on ████████████ All of these conversations and statements were put together and provided to the Plaintiff for verification on ████████████. The Plaintiff did not respond to verify the statements.

14.

I spoke to ████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████ Any statement that was taken was taken as presented to me. None of those interviewed had any specific knowledge about the alleged assault. The summary of the investigational interviews is attached as Exhibit F.

7

15.

During the course of the investigation, on ████████, I spoke to another student about another matter and during the course of this conversation she reported that she had been sexually assaulted by the Plaintiff on ████████. She will be known as V2.

16.



17.

After interviewing V2, I sent both V2 and the Plaintiff an emailed letter advising them not to have any contact with the other person. These are attached as Exhibit G. I advised the Plaintiff that I would like to speak with him on ████████.

8

18.

The Plaintiff emailed me back and we ultimately arranged to speak on █████ ███.

19.

After this second allegation I spoke with the Plaintiff on ███████ about the second alleged incident. The Plaintiff responded that he did not have any physical contact with V2.

20.

On ███████ the Plaintiff was provided a summary of all the information I collected from him and I asked him to respond to me by ███████ to verify the information for accuracy. He did not respond.

21.

On ███████ I notified the Plaintiff that he was being charged with 5 violations of Georgia Tech's sexual misconduct policy and he was given 5 business days to schedule a time to meet to respond to the charges. A copy of this notification is attached as Exhibit H.

22.

I received an email from the Plaintiff at 9:39 p.m. asking to speak on ███████ at 3pm.

9

23.

I confirmed the meeting with the Plaintiff for ▬▬▬▬ via telephone at 3p.m.

24.

At 12:48 am the plaintiff asked to re-schedule the meeting for Monday or Tuesday because he was "extremely busy." I emailed him back with two times to speak on the following Monday.

25.

I did not hear back from the Plaintiff so I emailed him again at 7:04 am on ▬▬▬▬ asking him to confirm a time to speak.

26.

The Plaintiff responded at 12:48 pm advising that his lawyer would be in touch with me in the "next few days."

27.

I emailed the Plaintiff back at 1:14 pm and advised him to have his lawyer contact me as I needed to move forward with the case. I provided 7 appointment times over the course of 3 days.

10

28.

I spoke to Plaintiff's lawyer on ▮▮▮▮ and clarified the policy and the process for him. We arranged to meet on ▮▮▮▮.

29.

I provided my report to the Plaintiff for his review on ▮▮▮▮ so that he could have it prior to our meeting which was originally scheduled for the ▮▮. I have attached this email as Exhibit I. I then provided him with a second copy of the report with additional interviews and all of the attachments on ▮▮▮▮. I have attached this email as Exhibit J. While these reports were in redacted form so as to avoid public dissemination of protected information, the informants are clearly identified by position and knowledge. They were provided the names of the individuals in the report prior to our meeting on the ▮▮.

30.

In the meeting on ▮▮▮▮, Plaintiff reiterated his prior version of the ▮▮▮▮ ▮▮ alleged incident with some variation. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ When questioned about the discrepancy the Plaintiff advised that he did not want to share details in his prior statement. As to V2 he materially changed his statement. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11

███████████████████████████

██████████ When I asked him about the variation in accounts he stated that he did not know what he was being accused of and believed that all the activities were consensual.

31.

After this interview, I made the finding that it was more likely than not that the Plaintiff engaged in non-consensual sexual intercourse with both V1 and V2; that he engaged in non-consensual sexual contact with V1; and that he had isolated both women as a coercive act.

32.

Consistent with policy when it is determined that a student engages in non-consensual sexual intercourse the student is to be expelled. Sexual intercourse is defined "sexual penetration with an object without consent."

33.

The Plaintiff was notified of these findings on ████████ Attached as Exhibit K.

34.

It is my understanding that Plaintiff claims that my investigation was biased because some of the statement summaries provided information that he claims are unproven. These statements are taken from the informant. I do not omit details. Once the investigation is complete I examine the relevant evidence and reach a conclusion as fact finder. In this case I did not consider the portions of the statement that the Plaintiff contends are unproven rumors. The standard for these finding is a preponderance of the evidence. As the evidence largely was dependent upon the believability of the alleged victims and the accused, credibility became the most important fact in my findings. Since the Plaintiff acknowledged that he had been untruthful on more than one occasion, this swayed the evidence against him and formed the basis of my finding that it was more likely than not that the alleged victims were being truthful about their accounts of events.

35.

[REDACTED]

Further Affiant Sayeth Not.

This 3RD day of December, 2015.

_____
Peter Paquette

Subscribed and sworn to before me
This 3RD day of December, 2015

_____
NOTARY PUBLIC
My commission expires:

(Notary Seal: JOY E LUPO, NOTARY, EXPIRES GEORGIA SEPT. 30, 2018, PUBLIC, PAULDING COUNTY)

14